## LICHTENSTEIN v. KONIG.

(Supreme Court, Appellate Term, First Department.   June 24, 1913.)

PLEADING (§ 258*)—AMENDMENT AT TRIAL.

In an action for damages for failure to properly dye a plush coat delivered to defendant for that purpose, where defendant failed to deny the allegation that the coat was worth $50, but on its being called to

the court's attention at the close of plaintiff's case asked leave to amend the answer by denying the value as alleged, and consented to an adjournment if plaintiff claimed surprise by reason of the proposed amendment, and there was evidence that the coat was 15 years old and that the nap was badly worn in places, it was error to refuse to permit the amendment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 765–782; Dec. Dig. § 258.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Gertrude Lichtenstein against Anna M. Konig. From a judgment on a verdict for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Louis J. Rosett, of New York City, for appellant.
Brussel & Beebe, of New York City, for respondent.

PER CURIAM. The plaintiff sued for damages for the failure of the defendant to properly dye a plush coat delivered to her for that purpose. There were three paragraphs in the complaint, and in the first one the value of the coat was placed at $50. This paragraph was not denied by the answer.

Upon the trial, as the plaintiff's attorney was about to close his case, he called the attention of the court to the fact that the value of the coat was admitted to be $50, whereupon the defendant's attorney asked leave to amend his answer by denying the value of the coat to be that sum, and consented that the case might be adjourned if the plaintiff claimed surprise by reason of the proposed amendment. The court below refused to allow the amendment, and subsequently, without any testimony on either side as to value, gave judgment for the plaintiff for the sum of $50 and costs. There was testimony to the effect that the coat was about 15 years old, and that the nap was badly worn in places. Under such circumstances the amendment should be allowed, and it was error to refuse.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.